# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Lakeisha Young, | : |
| Plaintiff, | : |
| v. | : Case No: CV-19-564 |
| Defendant, | : |
| Midwest Recovery Systems, LLC. | : |

## Reply in Support of Defendant Midwest Recovery Systems, LLC's Motion to Dismiss

Comes now the Defendant, Midwest Recovery Systems, and in reply to Plaintiff's Response to the Motion to Dismiss (ECF # 7) submits the following brief. Defendant contends Plaintiff's Response does not raise any substantive or legal basis to deny the Motion to Dismiss. In essence, the Response simply rehashes the procedural history of this case and the allegations in the complaint in an attempt to allege additional claims that were not in her complaint. Each of the legal claims will be addressed below in order. Defendant recognizes Plaintiff is proceeding *pro se* but even with this consideration in mind, the Complaint and Response, fairly read and considered, do not state a cause of action.

### A. The Allegations Pursuant to the Fair Credit Reporting Act Do Not Meet the Necessary Elements to State a Cause of Action

Notably absent from Plaintiff's response to the Motion is any mention of the Fair Credit Reporting Act (the "FCRA"), which is a primary claim in her Complaint. As stated

in the Motion, the Plaintiff does not allege that she provided notice of the dispute to a consumer reporting agency at all, and her response does not even discuss this omission or mention the FCRA. Because notice of the dispute to a consumer reporting agency is a necessary element of a claim under §1681s-2(b) of the FCRA, Young's FCRA claim fails.

**B. The Allegations under the Telephone Consumer Protection Act Do Not Meet the Necessary Elements to state a Cause of Action**

To state a claim under the Telephone Consumer Protection Act (the "TCPA") for calls made to a cellular phone, a plaintiff must establish that: (1) a call was placed to a cell or wireless phone, (2) by the use of any automatic dialing system and/or leaving an artificial or prerecorded message, and (3) without prior consent of the recipient. *See* 47 U.S.C. § 227(b)(1)(A); *see also Pugliese v. Professional Recovery Service, Inc.*, Case No. 09-12262, at *14 (E.D. Mich. Jun. 29, 2010). Plaintiff does nothing to address the second element of this claim, and makes no allegations that any calls were placed to her phone using either an automatic dialing system or with an artificial or prerecorded message. Because this is a necessary element of any TCPA claim, the Complaint and Response fail in this regard as well.

Likewise, even if Plaintiff's telephone number was on the Federal Do Not Call Registry at the time of the alleged phone call (which is not being admitted), telephone calls for the purpose of debt collection have been consistently exempt as not containing "unsolicited advertisement" and also considered calls "with whom the caller has an established business relationship." *See Daniel v. West Asset Management, Inc.*, Case No. 11-10034, at *4 (E.D. Mich. Jun. 14, 2011); *see also Meadows v. Franklin Collection*

*Service, Inc.,* No. 10-13474, 2011 WL 479997, at *4 (11th Cir. Feb. 11, 2011); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 7 FCC Red. 8752, 8773 (1992). Thus, there is no violation of the TCPA here either.

    **C. There is No Private Cause of Action under the Health Insurance Portability and Accountability Act of 1996**

    Plaintiff's Response provides no additional information regarding her claims under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). Even if she had, courts have roundly rejected the idea that HIPPA allows for a private cause of action. *See Freeze v. Sawyer*, Case No: 2:18-cv-307-FtM-99CM, at *5 (M.D. Fla. Jun. 11, 2018); *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 237 (D.D.C. 2005) (concluding "there is no private right of action under HIPAA of which the plaintiff can avail himself"); *Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 196 (D.D.C. 2011) ("In light of the statutory language of § 1320d-5 and the apparent consensus among the courts that have considered the question, this Court finds that Plaintiff has no private HIPAA right of action."), *aff'd*, 493 Fed. App'x 107 (D.C. Cir. 2012); *Brown v. Hill*, No. 14-cv-0140, 2016 WL 1225773, at *3 (D.D.C. Mar. 28, 2016); *Husain v. Smith*, Civil Action No. 15-708 (RDM), at *15 (D.D.C. Aug. 19, 2016); *Leiser v. Moore*, No. 16-4110-DDC-KGS, 2017 WL 4099469, at *6 (D. Kan. Sept. 15, 2017) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1269 n.4 (10th Cir. 2010)). " *Wilson v. Saint Francis Cmty. Servs.*, Case No. 18-2027, at *4 (D. Kan. Sep. 14, 2018). Thus, Plaintiff's HIPPA claims fail because HIPPA does not provide a private cause of action.

### D. Plaintiff's Negligence Allegations do not Plead a Viable Cause of Action

Regarding Plaintiff's negligence claims, there is still no identification of the alleged "duty" owed by MRS to Plaintiff. Instead, Plaintiff cites her alleged complaints to various third-party entities. Presumably in support of her negligence claim, Plaintiff states that MRS "caused a defaming misrepresentation of my characteristics and my image to the republic…" *See* ECF Doc. # 7, Page ID # 24. Not only does this not provide any actual support for her negligence claim, there is also no explanation about what this allegation actually means or how MRS allegedly defamed her. Young's negligence claim, like the others in her complaint, are woefully inadequate and should be dismissed.

### E. Additional Allegations are Improper and Should be Ignored

Plaintiff also uses her response to the Motion to include additional claims that are not mentioned in her complaint. This is improper and these claims should be ignored, even for a *pro se* litigant. Moreover, these new allegations claim "[t]he motions made by the Defendant are violations of the Fair Debt Collection Practices Act (FDCPA)." *See* ECF # 7, Page ID #23. First, there is no indication of why the Motion is allegedly a violation of the FDCPA. Second, MRS' filing of a motion to dismiss meritless allegations is not a violation of the FDCPA. If it were, it is unclear exactly how a defendant in a case like this one would be able to defend itself. These additional allegations are improper and have no merit. Defendant requests with respect that they not be considered by this Honorable Court.

### F. Conclusion

Plaintiff's response to the Motion provides no additional context or factual allegations that would support any of her claims. Thus, her claims continue to be inadequate to withstand a motion to dismiss and should be dismissed with prejudice.

Respectfully submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III (asb-3971-m73n)
Rachael T. Schexnailder (asb-3288-g17n)
*Attorney for the Defendant Midwest Recovery Services*

**OF COUNSEL:**
FERGUSON FROST MOORE & YOUNG, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
205.879.8722 (telephone)
205.879.8831 (telecopier)
NDM@ffmylaw.com (email)
RTS@ffmylaw.com (email)

### Certificate of Service

I hereby certify that a true and accurate copy of the foregoing Motion to Dismiss Complaint has been served via regular U.S. mail to Plaintiff on **September 11, 2019:**

Lakeisha Young
154 Thompson Blvd.
Chickasaw, AL 36611

/s/ Neal D. Moore, III
OF COUNSEL